SMITH and others, Adm'rs, v. HARVEY.

*(Circuit Court, N. D. Illinois.  July 7, 1882.)*

ESTATES OF DECEASED—INVESTMENT BY LEGATEE.

A legatee, being also executor, of the estate of a decedent purchased an interest in a firm, using for that purpose certain funds derived from that estate, one-third of which belonged to him as legatee, one-third to a sister, and one-third to the children of a deceased brother. When he entered the firm he stipulated to become liable with the partners for its debts. He subsequently died, and *his* executor became a member of the same firm, and not only allowed the interest of his testator in that firm to remain, but, upon the basis of certain notes payable to his testator, negotiated loans from Ayer and from a bank for the use of the firm. In an action brought by the personal representatives of the original decedent the supreme court decided that the notes in question, in fact, belonged to the estate of such decedent, and they were accordingly delivered up to his personal representatives by the parties to whom they were passed as collateral security for said loans. Thereupon the personal representatives of the original decedent brought an independent suit against the maker of the notes to enforce their payment, and in the progress of the suit the entire amount due on the notes was paid into court. *Held*—

(1) That the judgment of the supreme court deciding that the notes belonged to the estate of the original decedent, and the decree in pursuance of the mandate requiring their delivery to his personal representatives, do not prevent the creditors of the firm, of which his legatee was a member, from asserting in this independent suit any equity they or either of them may have, to have their debts paid out of the proceeds of the notes.

(2) That the parties who had loaned money upon the said notes as collateral, and to the extent such money had been paid by the legatees of the original decedent, are entitled to be subrogated to the rights of the latter, less the sum paid on the notes by the parties originally liable thereon, and interest.

(3) That the legatee and executor of the original decedent, having had no authority to invest in the business of the firm the interest of his sister and the children of his deceased brother in the proceeds of the notes, the latter cannot be held liable for the debts of the firm, and the administrators of the estate of the original decedent are entitled to all the fund in court except the one-third going to the estate of the legatee and partner in the debtor firm, under the will of the original decedent.

(4) That the defendants are entitled to subject to their claims against the firm the interest which the estate of T. T. Renick may have in the proceeds of the notes, but to the extent only that the money borrowed on the Harvey notes, as collateral, was applied to debts of that firm for which T. T. Renick was responsible.

Bill and Cross-bill.

*Miller, Lewis & Bergen,* for complainants.

*Goudy & Chandler,* for defendant.

HARLAN, Justice, (*orally.*) The present bill and cross-bills are the outgrowth of certain suits commenced in this court, decided in the supreme court of the United States, and reported in 101 U.S. 320, under the title of *Smith* v. *Ayer.* As stated in the opinion of the supreme court, their object was to compel the delivery to the administrators *de bonis non* of Renick Huston of two promissory notes, each for $39,250,—one of which had been delivered to and was held by J. C. Ayer & Co. as collateral security for a loan by them of that amount to the firm of B. F. Renick & Co., and for which they held the note of that firm; and the other held by the First National Bank of Westboro, Massachusetts, as collateral security for a loan by it to the same firm of $30,000, and for which they held that firm's notes. The notes of $39,250 were each executed by J. D. Harvey, and were made payable to Thomas T. Renick, of whose estate B. F. Renick was executor. Thomas T. Renick was one of the legatees, as well as the executor of the estate of Renick Huston. After the death of the latter, Thomas T. Renick purchased an interest in the firm of Tower, Classen & Co., using for that purpose certain funds derived from Renick Huston's estate, one-third of which belonged to him, (T. T. R.,) one-third to a sister, now deceased, and one-third to the children of a deceased brother. The interest so purchased stood in the name of T. T. Renick. Under the arrangement made by him when he entered the firm of Tower, Classen & Co. he became liable with the other partners for its debts then existing, as well as those created during his life-time. B. F.

v.13,no.1—2

Renick, executor of T. T. Renick himself, after the death of his testator became a member of that firm, and subsequently, and in pursuance, as he supposed, of authority conferred by the will of his testator, he not only permitted the interest in that firm, standing in the name of T. T. Renick, to remain, but, upon the basis of the Harvey notes as collateral security, negotiated the before-mentioned loans with Ayer & Co. and the Westboro bank. He borrowed the money chiefly for the purpose of using, and he did chiefly apply it, in the business of Tower, Classen & Co., except the sum of $10,-000, which was paid through Fay to Smith, one of the personal representatives of Renick Huston, and was by the latter divided equally among the before-mentioned legatees of Renick Huston. The supreme court decided that the Harvey notes, although payable to T. T. Renick, belonged to the estate of Renick Huston, and that Ayer & Co. and the Westboro bank could not hold them as against the representatives of that estate. Upon the return of the cause a decree in pursuance of the mandate of the supreme court was entered, requiring the surrender of the Harvey notes to the personal representatives of Renick Huston, and they were so surrendered by Ayer & Co. and the bank.

The present suit was instituted by the personal representatives of Renick Huston to enforce the payment to them of the amount due on the Harvey notes, and to protect their rights to the proceeds against adverse claims asserted by others to an interest therein. In the progress of the suit the entire amount due on both of the Harvey notes was paid into court—$106,686—all in cash, except $21,980, which was in the form of a certificate of deposit. It was paid into court to be disposed of as the court might adjudge was proper. No formal opinion has been prepared, but after a patient examination of the case I have reached these conclusions:

1. The cases of *Smith* v. *Ayer* determined that the Harvey notes constituted a part of the assets of Renick Huston's estate, and that the personal representatives of that estate were entitled to the possession of them.

2. The decree in that case has been fully executed by the surrender of the notes to the personal representatives of Renick Huston.

3. The opinion in *Smith* v. *Ayer*, construed in the light of the opinion subsequently delivered by the supreme court upon an application for rehearing, does not prevent Ayer & Co. and the bank from asserting, in this new and independent suit brought by the personal

representative of Renick Huston, any equity they, or either of them, may have, for their debts to be paid out of the proceeds of the notes.

4. Of the money received by B. F. Renick from Ayer & Co. the sum of $10,000 was paid by him through Fay to Palmer C. Smith, one of the administrators of Renick Huston, and was by him paid over to those entitled to it under the will of Renick Huston,—one-third to T. T. Renick, one-third to Mrs. Gregg, and one-third to the Renick children. To the extent of $10,000, and such of the interest thereon as constitutes a part of the fund in court, Ayer & Co. are entitled to be subrogated to the rights of the legatees who had received the benefit of the money obtained from Ayer & Co.; but out of this sum the parties originally liable on the Harvey note held by Ayer & Co. are entitled to the sum of $3,140, which was paid through Fay to Ayer & Co. on that note, and interest thereon from the date of such payment, so far as that interest has been paid into court.

5. As there is no ground to suppose that T. T. Renick had authority to invest in the business of Tower, Classen & Co. the money going, under the will of Renick Huston, to his sister, and to the children of his deceased brother, their interest in the proceeds of the Harvey notes cannot be held liable for the debts of that firm. Consequently the administrators of Renick Huston are now entitled to receive all of the fund in court except the one-third going to the estate of Thomas T. Renick as a legatee under the will of Renick Huston.

6. If upon the settlement of the estate of Renick Huston it is found that the estate of T. T. Renick is entitled to receive any money from that source, Ayer & Co. and the Westboro bank will be entitled to be paid out of the proceeds of the respective notes surrendered by them which may remain in court, such sum as will be equal to the aggregate of the debts of Tower, Classen & Co. for which the estate of Thomas T. Renick was responsible, and which were liquidated by the money obtained from them respectively on the faith of the Harvey notes as collateral security. In other words, they are entitled to subject to their claims against B. F. Renick & Co. the interest which the estate of T. T. Renick may be ascertained to have in the proceeds of the Harvey notes.

7. The court is not bound to send the parties to another state to litigate their rights in and to the fund which will remain here under this order. It is competent to give in this suit all the relief to which any of the parties are entitled. The complainants have leave to amend their pleadings so as to bring all necessary parties before the court.

8. In reference to the question of interest raised by counsel for Harvey and others, the court is of the opinion that Harvey and those united with him are bound for interest at the rate of 8 per cent. from maturity of the note until the money was paid into court. Interest stopped when the money was so paid. If interest has been paid in excess of the amount here indicated it will be refunded.